IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO TRAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-2545-K-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In 1992, Alonzo Traylor "was convicted of possession of cocaine with intent to deliver, enhanced, … in the 283rd Judicial District Court of Dallas County, Texas, and sentenced to 35 years' imprisonment," and, in 2010, he "was released to parole, which expires on December 2, 2026, if satisfactorily completed." *Traylor v. Dir., TDCJ-CID*, No. 3:23-cv-754-L-BH, 2023 WL 3922646, at *1 (N.D. Tex. Apr. 19, 2023) (citations omitted), *rec. accepted in part*, 2023 WL 3383912 (N.D. Tex. May 11, 2023), *COA denied*, No. 23-10616 (5th Cir. Oct. 18, 2023).

Now, Traylor has – from a free-world address – filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 that appears to attack just a 2020 parole violation. *See* Dkt. No. 2 at 6 & 8-9.

United States District Judge Ed Kinkeade referred the habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss the habeas petition for lack of subject matter jurisdiction.

## Discussion

Earlier this year, another judge of this Court explained to Traylor that, concerning the same parole-related habeas challenge he now makes,

> [f]ederal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963).

*Traylor*, 2023 WL 3922646, at *2.

There, Traylor failed to show that there was some restraint on his liberty to allow jurisdiction over the parole-related habeas claim. *See id.* at *3 ("Because he was not, and is not currently, in custody on the alleged parole violation warrant or parole revocation for purposes of § 2254, any claims challenging a warrant or revocation should be dismissed for lack of jurisdiction." (footnote omitted)).

The same is true here. *See generally* Dkt. Nos. 2 & 3.

The Court therefore lacks jurisdiction over Traylor's current habeas application.

## Recommendation

The Court should dismiss this habeas action for lack of subject matter

jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE